UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF AMERICAN RIVER TRANSPORTATION )<br>COMPANY FOR EXONERATION FROM, )<br>OR LIMITATION OF, LIABILITY. )<br> ) | Case No. 4:11-CV-523 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court following remand by the Eighth Circuit Court of Appeals. *In re* Am. River Transp. Co., 800 F.3d 428 (8th Cir. 2015) (ARTCO II).

### I.  Background

On March 6, 2011, four barges separated from the M/V Julie White, a towboat owned by American River Transportation Company (ARTCO), and allided with Lock and Dam 25 before sinking. The United States notified ARTCO of the damage, and ARTCO commenced this action under the Limitation Act, 46 U.S.C. §§ 30501 *et seq.*, seeking limitation or exoneration of its damages. The Court entered an order enjoining prosecution of any separate suits arising from the allision and directing potential claimants to file claims in this action no later than June 15, 2011. Instead of filing a claim, the government filed a motion to dismiss, arguing that its claim under the Rivers and Harbors Act (RHA), 33 U.S.C. § 408, was not subject to the Limitation Act. The Court agreed and dismissed ARTCO's action. On appeal, the Eighth Circuit Court of Appeals found that the government lacked standing to move for dismissal because it never filed a claim. *In re* American River Transp. Co., 728 F.3d 839 (8th Cir. 2013) (ARTCO I). The Eighth Circuit did not address whether the government's claim under the RHA was subject to the Limitation Act.

Following remand from the Eighth Circuit, ARTCO filed a motion for exoneration and the government filed a motion for leave to file a late claim. The government also filed a separate action seeking damages under the RHA, titled United States v. American River Transp. Co., 4:14-CV-50 (AGF),[1] and filed a motion to consolidate the new case with this action. ARTCO argued that the government's new lawsuit violated this Court's injunction against separate actions and filed a motion to impose sanctions and hold the government in contempt. Noting that the Eighth Circuit had not reversed its prior finding that the government's claim was not subject to the Limitations Act, the Court *sua sponte* dismissed ARTCO's action and denied its motions for decree of exoneration and to hold the government in contempt and for sanctions. The Court denied as moot the government's motions to file a late claim and to consolidate this action with its RHA action.

On appeal, the Eighth Circuit held that the government's claim under the RHA is subject to the Limitations Act and reversed the order dismissing the case. ARTCO II, 800 F.3d at 438. The Eighth Circuit affirmed the denial of ARTCO's motion for contempt and sanctions but vacated the denial of ARTCO's motion for decree of exoneration and the government's motions for leave to file a late claim and to consolidate, directing the Court to reconsider these motions.

**II.    Discussion**

When a vessel owner files a complaint for limitation of liability, the court is empowered to establish a "monition period" during which all claimants must file their respective claims under pain of default. Am. Comm. Lines, Inc. v. United States, 746 F.2d 1351, 1352 (8th Cir. 1984); (citing Rule F(4), Supplemental Rules

---

[1] On May 20, 2014, U.S. District Judge Audrey G. Fleissig entered a stay in this case, which remains in effect.

2

for Certain Admiralty and Maritime Claims). "For cause shown," the court may exercise its discretion to extend the time within which claims may be filed. Id. Upon a showing of cause, permission to file a late claim is freely granted so long as (1) the limitation proceeding is pending and undetermined and (2) the rights of the parties will not be adversely affected. Id. at 1353 (citing Sagastume v. Lampsis Navigation Ltd., 579 F.2d 222 (2d Cir. 1978); Jappinen v. Canada Steamship Lines, Ltd., 417 F.2d 189 (6th Cir. 1969)).

A party seeking leave to file a late claim need not show "good cause" for the delay. See Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001) (stating Rule 4(F) requires "an explanation rather than a justification for the delay"); see also In re Mains, No. CIV.A. 15-13, 2015 WL 6159137, at *2 (E.D. La. Oct. 20, 2015) (balancing the equities and granting leave to file late claim where failure to timely file was "a mere oversight"); In re Taira Lynn Ltd. No. 7, No. CIV.A. 13-0318-WS-C, 2015 WL 728222, at *1 (S.D. Ala. Feb. 18, 2015) (rejecting contention that Rule F(4)'s "cause" should be read as identical to "good cause"); In re Seastreak, LLC, No. CIV. 2:13-00315 WJM, 2014 WL 5529249, at *1 (D.N.J. Oct. 31, 2014) (granting leave to file late claim where attorney certified that the failure to timely file was due to "neglect and not an intentional decision"); but see In re Trace Marine Inc., 114 F. App'x. 124, 126-127 (5th Cir. 2004) (affirming denial of leave to file late claim where claimant failed to show "good cause," some claims had been resolved, and permitting late claim would delay resolution). Even a "weak showing of excusable neglect" is sufficient where no party will be prejudiced by permitting an extension. In re Columbia

3

Leasing L.L.C., 981 F. Supp. 2d 490, 495 (E.D. Va. 2013) (citing Petition of World Tradeways Shipping, Ltd., 1967 A.M.C. 381, 381 (S.D.N.Y. 1966)).

As cause for its failure to file a claim within the time established by the Court, the government asserts that it could not simultaneously file a timely claim and seek dismissal under Rule 12(b)(6). ARTCO argues that reliance on a losing legal strategy is not adequate cause, citing In re Complaint of Clearsky Shipping Corp., No. CIV.A.96-4099, 2000 WL 1741785, at *2 (E.D. La. Nov. 22, 2000), in support. In Clearsky, the would-be claimant's lawyer simply failed to file a claim. At the time she sought leave to file a late claim, more than three years had passed and the parties had reached settlement agreements disposing of more than 700 claims. The court denied leave, stating that "an attorney's failure to meet deadlines or to prosecute his client's case vigorously is insufficient to relieve a client of the consequences of such a failure." Id. ARTCO's suggestion that the government's conduct in this case was comparable to that of a negligent attorney is simply inapt. The government had a substantial legal argument that it was entitled to put forward. As soon as the Eighth Circuit issued the mandate following ARTCO I, the government promptly sought leave to file its claim. The Court finds that cause sufficient to satisfy Rule F(4) has been established.

ARTCO argues that cases are only "ongoing" where a shipowner is involved in litigation with other claimants. While Rule F(4) motions may generally arise in actions with multiple claimants, there is no legal principle foreclosing the filing of a late claim here. See Alter Barge, 272 F.3d at 398 (authorizing late claim by sole claimant). ARTCO also claims that it will suffer prejudice if has to defend itself against a "stale" claim. ARTCO has been aware since it filed this action that the

4

government was the only likely claimant and that it intended to seek compensation for its damages, whether though a claim filed in this action or a separate lawsuit. Thus, ARTCO cannot claim to be surprised by the government's claim. See *In re Miss Belmar II Fishing Inc.*, No. CIV.A. 11-4757 MLC, 2014 WL 1217771, at *4 (D.N.J. Mar. 24, 2014) (prejudice less likely to be found where addition of new claimant does not surprise the plaintiff in limitation). The mere fact of having to defend against the government's claim does not amount to prejudice. *In re Holmberg*, No. 808-CV-656-T-27TBM, 2009 WL 1520027, at *1 (M.D. Fla. May 28, 2009) ("While . . . reopening this case to additional claims is no small loss to Petitioner, it is not dispositive, given the competing interest in deciding cases on the merits.") Given "the equitable nature of admiralty proceedings," courts generally grant litigants "every opportunity to place their entire case before the court and to correct errors at any stage of the proceedings." *In re* Miss Belmar II Fishing Inc., No. CIV.A. 11-4757 MLC, 2014 WL 6611525, at *6 (D.N.J. Nov. 21, 2014) (citations omitted). The Court finds that equity requires granting the government leave to file a late claim. As a result, ARTCO's motion for entry of final decree of exoneration will be denied.

Rule 42(a) provides that a court may consolidate actions involving a common question of law or fact. Fed.R.Civ.P. 42(a)(2). It is undisputed that the two actions involve common questions of law or fact. ARTCO previously opposed consolidation based on its assertion that the government lacked standing because it had not filed a claim. That objection is now moot. Consolidating United States v. American River Transp. Co., 4:14-CV-50 (AGF), with this action will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States for leave to file a late claim [Doc. #35] is **granted**.

**IT IS FURTHER ORDERED** that the motion of American River Transportation Company for entry of final decree of exoneration [Doc. #32] is **denied as moot**.

**IT IS FURTHER ORDERED** that the motion of the United States to consolidate United States v. American River Transp. Co., 4:14-CV-50 (AGF), with this action [Doc. #44] is **granted**. Henceforth, all pleadings and documents relating to the consolidated cases shall be filed in **Case No. 4:11-CV-523 (CEJ).**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2016.