UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF AMERICAN RIVER TRANSPORTATION ) <br> COMPANY FOR EXONERATION FROM, ) <br> OR LIMITATION OF, LIABILITY. ) <br> ) | Case No. 4:11-CV-523 (CEJ) |

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMERICAN RIVER TRANSPORTATION ) <br> CO., *in personam*; M/V JULIE WHITE, ) <br> and Barges AT 664, SG 542, CGB 361 ) <br> and CBL 314, to include engines, tackle, ) <br> gear, appurtenances, and all ) <br> accessories, *in rem*. ) <br> ) <br> Defendants. ) | Case No. 4:14-CV-50 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the government's motion to reopen the consolidated case, United States v. American River Transportation Co._, et al._, Case No. 4:14-CV-50, and dismiss the action without prejudice.[1] American River Transportation Co. (ARTCO) consents to dismissal, but asks the Court to impose conditions.

Under Rule 41(a)(2), Fed.R.Civ.P., a court may dismiss an action "at the plaintiff's request, on terms the court considers proper." ARTCO argues that the

---

[1] Familiarity with the procedural history of ARTCO's limitation of liability action, 4:11-CV-523, and the government's Rivers and Harbors action, 4:14-CV-50, is presumed.

dismissal of the consolidated case should be with prejudice in order to prevent the government from reinstating its claims in a later action. However, when ARTCO filed its limitation of liability action, the Court entered an order restraining all other actions "until the hearing and determination of this proceeding." [Doc. #4]. This order adequately protects ARTCO from the risk of a new lawsuit while preserving the government's ability to pursue its claim for damages in this action.

ARTCO also asks the Court to condition dismissal of the consolidated case on payment of ARTCO's reasonable attorney's fees incurred in defending itself. "The United States cannot be required to pay costs or disbursements as a condition of its voluntary dismissal of an action, unless statutory authority exists for the assessment of costs, or other expenses of defense, against the government." Charles Allen Wright *et al.*, 9 Fed. Prac. & Proc. Civ. § 2366 (3d ed.). While there is "general statutory authority to award costs against the United States . . . it is limited to taxable costs and may not include the fees and expenses of attorneys." Id.; see also 28 U.S.C. § 2412(a)(1) ("[A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States.") ARTCO's request for attorney's fees must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to reopen United States v. American River Transportation Co., *et al.*, Case No. 4:14-CV-50 (CEJ) [Doc. #61] is **granted**.

A separate order dismissing United States v. American River Transportation Co., et al., Case No. 4:14-CV-50 (CEJ) will be entered.

                                                                                  _____
                                                                                   CAROL E. JACKSON
                                                                                   UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2016.