UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF AMERICAN RIVER TRANSPORTATION ) <br> COMPANY FOR EXONERATION FROM, ) <br> OR LIMITATION OF, LIABILITY. ) <br> ) | Case No. 4:11-CV-523 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of the United States to compel American River Transport Company (ARTCO) to respond to document requests and interrogatories. ARTCO has filed a response in opposition and the issues are fully briefed.

**I.  Background**

On March 6, 2011, four barges separated from the M/V Julie White, a towboat owned by American River Transportation Company (ARTCO), and allided with Lock and Dam 25 before sinking. The United States notified ARTCO of the damage, and ARTCO commenced this action under the Limitation Act, 46 U.S.C. §§ 30501 *et seq.*, seeking limitation of its damages to $1,322,837.85, the value of the M/V Julie White together with its barges and the freight. The United States asserts that ARTCO is not entitled to exoneration from or limitation of liability and seeks damages in excess of $10,000,000.00.

At issue in the present motion are ARTCO's objections to document requests and interrogatories, its failure to produce a privilege log, and its responses to specific document requests and interrogatories.[1]

---

[1] In its motion, the government sought to compel responses to Interrogatories 1, 2, 3, 7, 8, 10 and 14 and Production Requests 3, 4, 9, 10, 14, and 19. Based on ARTCO's response in

## II. Discussion

Under Federal Rule of Civil Procedure 26(b)(1), litigants may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The scope of discovery under Rule 26(b) is extremely broad. Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993), and St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511–

---

opposition to the motion, the government states that disputes regarding Requests Nos. 4 and 9 have been addressed.

12 (N.D. Iowa 2000)). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoting Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

### A. Meet-and-Confer Obligations

The government has certified, as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.04, that it made a good-faith effort to confer with the opposing party. [Doc. # 73-2]. ARTCO suggests that the government has not complied with the good-faith requirement because the parties were still negotiating ARTCO's responses to specific requests when the motion was filed on January 12, 2017. The government's discovery requests were served in June 2014[2] and August 2016. The parties have been engaged in discussions to resolve this dispute since July 2016. ARTCO's assertion that the government failed to meet its meet-and-confer obligations is not persuasive.

### B. E-mails and Other Electronically Stored Documents

The government requested that ARTCO produce e-mails in its document requests. ARTCO has never produced e-mails or stated whether it has searched its computer systems for e-mails or other electronically stored documents. At the same time, ARTCO has not invoked the protection of Rule 26(b)(2)(b), which states that a party is not required "to provide discovery of electronically stored information

---

[2] The government's first set of interrogatories and requests for production were served in the companion case, United States v. ARTCO, 4:14-cv-50 (AGF), in March 2014. ARTCO served its responses in April 2014, but the government misfiled them. The case was then stayed. ARTCO re-served its responses in this case in June 2016.

3

from sources that the party identifies as not reasonably accessible because of undue burden or cost." The government argues that ARTCO's silence with respect to e-mails and electronically stored documents suggests that it has not even searched for responsive documents. ARTCO will be directed to conduct the necessary search of its computer systems or state that it has already done so and that no responsive documents exist.

### C. Privilege Log

In response to Interrogatory No. 8 and Requests for Production 9, 17, and 19, ARTCO asserted that the information sought was protected by the attorney-client privilege or the work-product doctrine. ARTCO did not provide a privilege log and has resisted the government's requests for one, asserting that it "has made it clear that the only information it has withheld is that which reflects communications between ARTCO and its counsel" and that a privilege log is therefore unnecessary. [Doc. # 80 at 10].

A party who claims the benefit of a privilege has the initial burden to establish that the privilege applies. Rabushka *ex rel.* United States v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997); Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985); Baranski v. United States, No. 4:11-CV-123 (CAS), 2014 WL 7335151, at *5 (E.D. Mo. Dec. 19, 2014). Federal Rule of Civil Procedure 26(b)(5)(A) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Courts have

4

consistently interpreted this requirement to mean that the party must produce a document index or privilege log. Jiang v. Porter, No. 4:15-CV-1008 (CEJ), 2016 WL 3015163, at *1 (E.D. Mo. May 26, 2016), Jacobson v. Metro. St. Louis Sewer Dist., No. 4:14-CV-1333 (AGF), 2015 WL 5330428, at *3 (E.D. Mo. Sept. 14, 2015) (citing Baranski, 2014 WL 7335151, at *6).

After reviewing ARTCO's objections and the parties' correspondence, the Court finds that ARTCO's objections do not sufficiently describe the nature of the documents or communications that it is withholding on the basis of attorney-client privilege or work-product doctrine. Accordingly, ARTCO will be directed to produce a privilege log providing sufficient detail to evaluate its assertion of privilege. The exception to this requirement concerns written statements prepared by crew members after the accident. As discussed below, ARTCO will be required to support its newly asserted claim of work-product privilege for these statements in a memorandum to the Court, rather than in a privilege log.

### D. ARTCO's Objections

ARTCO objected that the disputed discovery requests were vague, ambiguous, irrelevant, or overbroad, without further specifying how the requests were objectionable. Boilerplate objections such as these are not appropriate and "the party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (internal quotation and citations omitted; alteration in original); see also Fed.R.Civ.P. 33(b)(4) (objections to interrogatories

5

"must be stated with specificity"). ARTCO's generic objections to the interrogatories are overruled.

ARTCO's responses to document requests do not comply with Rule 34(b)(2)(C), which requires a party objecting to a request for production to state whether any responsive materials are being withheld on the basis of the objection. ARTCO will be required to amend its responses to document requests to satisfy this requirement.

### E. Specific Requests

**Request for Production No. 3:** This request seeks all documents, including emails, that relate to the maintenance, repair, or condition of the vessel, including "engines, tackle, gear, appurtenances, and all accessories — e.g., towing wire" for a two-year period. According to the government, this request is directed to uncovering issues with systems and items that could have affected the vessel's ability to maneuver. [Doc. # 81 at 5]. ARTCO produced documents related to expenditures, engine room logs, and maintenance and repair records. The government contends that ARTCO has failed to either produce or state that it does not possess documents related to towing wires,[3] chocks, and chafing gear. ARTCO must produce responsive documents, or state that it does not possess any, regarding these items for the vessel and barges.

The government also seeks documents regarding "face wires." ARTCO asserts that documents relating to face wires are not relevant because the pilot stated that the crew "were taking off the face wires at the point [he] was trying to push the side of the tow to keep it from going onto the dam." The government is

---

[3] After stating that it would search for responsive documents regarding towing wire, ARTCO now states in its opposition that it has been unable to locate any.

entitled to discovery regarding the condition of those items and systems that could have affected the vessel's ability to safely maneuver or handle the barges on March 6, 2011. The pilot's statement is not determinative of whether the condition of the face wires played a role in the accident. ARTCO will be directed to produce any documents in its possession regarding the face wires.

**Request for Production No. 6:** This request seeks "all log books," including recorded GPS or electronic chart date for the period of March 1, through March 6, 2011. In this motion, the government seeks a bound log book. ARTCO asserts that the government did not make this request until the day before it filed its motion. The government responds that it assumed ARTCO's initial production was complete but it then "got an inkling that there might be unproduced logs" and so made an inquiry. The government should not have had to resort to this additional inquiry because the request as written clearly asked for all log books. ARTCO was obligated to either produce them or propound a legitimate objection in a timely fashion and its failure to do so is puzzling and concerning. ARTCO will be directed to produce "all log books" for the specified time period.

The government also states that ARTCO never produced any GPS data. ARTCO must produce recorded GPS data for the dates in question. If ARTCO does not now possess such data, it must state clearly whether it once did and why the data no longer exist.

**Request for Production No. 8:** This request seeks "any and all" job descriptions for ARTCO's port engineers, captains, pilots, mates, and deckhands. ARTCO produced the job descriptions contained in its operations manual. The government states that ARTCO has not produced the following specific documents:

7

"Expectations of the Mate," "The Deckhand's Manual," "ARTCO Pilot Job Description," and "The ARTCO Pilot's *Added* Responsibilities, Effective 09 Sept. 99." ARTCO has neither produced these documents nor stated that they do not exist. ARTCO will be directed to produce all documents responsive to this request or state that they do not exist.

**Request for Production No. 10:** This request seeks the "ARTCO Line Memo Book" that was in effect in March 2011. ARTCO responded that the Memo Book does not apply to the M/V Julie White. That is not a sufficient basis for withholding it. ARTCO must produce the Memo Book.

**Request for Production No. 12:** This request seeks "all non-government incident or accident reports that relate to" the allision. ARTCO produced the pilot's statement that was submitted to the Coast Guard with an official accident report. On January 10, 2017, counsel for ARTCO informed the government that written statements were also taken from the other crew members on board. The government now seeks these written statements. ARTCO protests that these statements are not "accident reports" and that the government should be required to ask for the witness statements specifically. The government has now done so. ARTCO will be directed to produce the witness statements. To the extent that ARTCO claims that these statements are protected by the work product doctrine, see Doc. # 80 at 7 n.1, it may present that claim to the Court in writing.

**Request for Production No. 13:** This request asked for audio recordings or transcripts of such recordings of the allision. ARTCO responded: "None in ARTCO's possession." The government asks ARTCO to clarify whether such recordings ever existed and have since been lost or destroyed. ARTCO responds that the

government should seek this information in an interrogatory. Had ARTCO been more forthright with respect to its responses in general, the Court might be inclined to agree. However, ARTCO appears to be treating discovery as a guessing game. ARTCO must produce audio recordings or transcripts if they exist and, if they do not, it must state whether they did exist and what happened to them.

**Request for Production No. 19:** As relevant to the present motion, this request seeks emails and attachments relating to any instance in which an ARCTO vessel equipped with the same engines installed in the M/V Julie White suffered an accident or casualty. ARTCO complains that the request is overbroad because vessels are involved in accidents or casualties for many different reasons that have nothing to do with the engines, including a fire on board or being struck by another vessel. The Court will limit the scope of the request to those instances or casualties in which the vessel suffered an impact or allision with any object in the river, whether fixed or afloat, of sufficient impact that its occurrence was noted in any form of document, including e-mails or other electronic documents.

\* \* \* \* \*

Based on the foregoing,

**IT IS HEREBY ORDERED** that the motion of the United States to compel [Doc. # 73] is **granted**.

**IT IS FURTHER ORDERED** that ARTCO's objections to Interrogatories 1, 2, 3, 7, 8, 10 and 14 and Production Requests 3, 4, 9, 10, 14, and 19 are **overruled**.

**IT IS FURTHER ORDERED** that, not later than **March 15, 2017**, ARTCO shall answer the interrogatories and produce all documents and electronically-stored information that is responsive to the government's requests for production.

**IT IS FURTHER ORDERED** that ARTCO shall have until **March 15, 2017**, to file a memorandum in support of an assertion of work-product privilege with respect to the crew statements.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2017.