UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF AMERICAN RIVER ) <br> TRANSPORTATION COMPANY FOR ) <br> EXONERATION FROM, OR ) <br> LIMITATION OF, LIABILITY. ) <br> ) | Case No. 4:11-cv-00523-JAR |

## MEMORANDUM AND ORDER

On March 6, 2011, four barges separated from the M/V Julie White, a towboat owned by American River Transportation Company ("ARTCO"), and allided with Lock and Dam 25 before sinking. The United States notified ARTCO of the damage the allision had caused to Lock and Dam 25, and ARTCO thereafter commenced this action under the Limitation Act, 46 U.S.C. §§ 30501, et seq., seeking limitation of its damages to $1,322,837.85, the value of the M/V Julie White together with its barges and the freight thereon. The United States asserts that ARTCO is not entitled to exoneration from or limitation of liability, and seeks damages in excess of $10,000,000.00.

On January 18, 2017, the United States filed a motion to compel ARTCO to completely respond to its written discovery requests. As relevant, in response to the United States' Request for Production No. 12, which sought "all non-government incident or accident reports that relate to" the allision, ARTCO had produced a written statement by the M/V Julie White's pilot, Larry Sadnick, and had informed the United States that it possessed written statements from other crewmembers who were on board the M/V Julie White at the time of the allision. ARTCO did not, however, produce the other crewmembers' written statements; and in its motion to compel, the United States sought, inter alia, an order compelling ARTCO to produce them (Doc. 73).

On February 27, 2017, U.S. District Judge Carol E. Jackson granted the United States' motion to compel, and allowed ARTCO additional time to file a memorandum in support of its assertion of work-product privilege with respect to the other crew members' written statements (Doc. 82). This case has since been reassigned to the undersigned (Doc. 83). The United States has supplemented its brief in support of its motion to compel (Doc. 84); ARTCO has a filed a memorandum in support of its assertion of work-product privilege (Doc. 87); and the United States has filed a reply (Doc. 90). The parties now dispute the discoverability of the written statements of two M/V Julie White crewmembers, R.C. McCoy and Roger Pryzblo. At the Court's direction, ARTCO has submitted the statements of McCoy and Pryzblo for *in camera* review. Upon careful review of the statements and for the following reasons, the Court will direct ARTCO to produce the statements to the United States.

Arguments of the Parties

According to ARTCO, shortly after the allision, its attorneys investigated the incident on ARTCO's behalf, and in the course of that investigation, interviewed the M/V Julie White's crewmembers, including Sadnick, McCoy, and Pryzblo. ARTCO claims its attorneys reduced these interviews to written statements, and each crewmember signed his respective statement. Sadnick's statement included a page he wrote without assistance from ARTCO's counsel; it also included pages ARTCO's counsel had authored, which Sadnick signed. ARTCO produced Sadnick's statement in relation to an investigation by the United States Coast Guard, and it has already produced it to the United States in this action.

ARTCO argues that McCoy and Pryzblo's written statements are protected work product; that they are opinion work product and thus exempted from discovery in the absence of any showing of fraud or criminal activity; and alternatively, that they are ordinary work product for which the United States has not shown a substantial need (Doc. 87). In ARTCO's view, the

written statements are work product because they were prepared in anticipation of litigation, as the United States made it apparent in the days after the allision that it intended to file a lawsuit (Id. at 2-7). ARTCO further contends that the crewmembers' statements are opinion work product because its attorneys "made conscious decisions to memorialize facts deemed particularly important in light of their knowledge and experience in maritime litigation" and "[w]hat an attorney [chooses] to elicit, expand upon, and ultimately reduce to writing provides insight into the attorney's thought process and litigation strategy" (Id. at 1, 5). Alternatively, ARTCO argues that, even if the statements are ordinary work product, they are nevertheless not discoverable because the United States has not shown that it cannot acquire the information contained in the statements through other means, i.e., by deposing the crewmembers (Id. at 8-9).

The United States argues that the crewmembers' statements are not attorney work product, but are instead mere factual statements by eyewitnesses to the allision. According to the United States, to the extent the statements may have been drafted by ARTCO's counsel based on counsels' interviews of the crewmembers, the crewmembers nevertheless adopted the statements as their own by signing them. The United States contends that, in light of the crewmembers' signing of the statements, the statements fall outside the scope of the work product doctrine entirely. The United States further argues that it is entitled to the crewmembers' statements even if they are considered work product, as they likely contain only eye-witness descriptions of the allision, without any clues as to ARTCO's counsels' legal opinions or strategies. Finally, the United States argues that the crewmembers have likely forgotten at least some details about the allision, which occurred more than six years ago, making it less likely that the United States will be able to obtain through other means the information contained in the written statements, which were created shortly after the incident (Docs. 89-90).

Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that civil litigants may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The scope of discovery under Rule 26(b) is extremely broad. Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). After the proponent of discovery makes a threshold showing of relevancy, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993) and St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)).

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," including the other party's attorney. Fed. R. Civ. P. 26(b)(3)(A). There are two kinds of work product: ordinary work product and opinion work product. Baker v. Gen. Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). Opinion work product, which includes "counsel's mental impressions, opinions, or legal theories," is entitled to "almost absolute immunity and can be discovered only

in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." Id.

Ordinary work product "includes raw factual information." Id. (citing Gundacker v. Unisys Corp., 151 F.3d 842, 848 n.4 (8th Cir. 1998)). Ordinary work product is not discoverable unless it falls within the broad scope of discovery set forth in Rule 26(b)(1), and the party seeking discovery shows a substantial need for the work product materials to prepare its case and that it cannot, without undue hardship, obtain their substantial equivalent by other means. Id. (citing Fed. R. Civ. P. 26(b)(3)). When a court orders a party to produce such materials in discovery, it "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B).

Notes and memoranda an attorney prepares from a witness interview are protected work product. Baker, 209 F.3d at 1054 (citing In re Grand Jury Proceedings, 473 F.2d 840, 848 (8th Cir. 1973)); see also Upjohn Co. v. United States, 449 U.S. 383, 399-400 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."). This is because attorney notes tend to reveal the attorney's legal conclusions, as attorneys tend to focus on those facts they deem legally significant when taking notes. Id. (citing Petersen v. Douglas Cty. Bank & Trust Co., 967 F.2d 1186, 1189 (8th Cir. 1992)). In contrast, the work product doctrine does not extend to verbatim, non-party witness statements. Schipp v. Gen. Motors Corp., 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) (citing Baker, 209 F.3d at 1054); see also Ford Motor Co. v. Edgewood Props., Inc., 257 F.R.D. 418, 421-23 (D.N.J. 2009) (affidavit of non-party witness was not work product because it contained a recitation of facts within the ken of the witness and did not contain the mental impressions or legal theories of counsel; the fact that an attorney had a role in preparing

5

the affidavit does not, in and of itself, suffice to convert what is otherwise purely factual testimony by an affiant into work product); Murphy v. Kmart Corp., 259 F.R.D. 421, 426-32 (D.S.D. 2009) (expressing reluctance to extend the work product doctrine to protect affidavits by third-party witnesses because affidavits, by their very nature, are statements of facts within the personal knowledge of the witness-affiant); Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Prods., Inc., 140 F.R.D. 373, 378-79 (E.D. Wis. 1991) (factual statements of non-party witnesses did not fall within scope of work product doctrine even though the statements were secured by defense counsel in anticipation of litigation).

Having reviewed McCoy and Pryzblo's written statements *in camera*, the Court concludes that they are not attorney work product. More specifically, the Court concludes that the statements are recitations of the facts surrounding the March 6, 2011 allision involving the M/V Julie White, as it was witnessed by McCoy and Pryzblo, who are not parties to this action. See Ford Motor Co., 257 F.R.D. at 421-23. Notably, the statements do not reveal the mental impressions or legal theories of ARTCO's counsel, and it appears the statements may have been handwritten by the crewmembers themselves. See Murphy, 259 F.R.D. at 426-32. The Court further notes that, even if ARTCO's counsel authored the statements after interviewing the crewmembers, McCoy and Pryzblo signed their respective statements, essentially adopting them as their own. See Nam v. U.S. Xpress, Inc., No. 1:11-cv-116, 2012 WL 12840094, at *2-3 (E.D. Tenn. May 15, 2012) (noting that a majority of district courts have concluded that signed witness statements and affidavits obtained in anticipation of litigation must be disclosed in discovery); see also Doe v. Luzerne Cty., Civil Action No. 3:04-1637, 2008 WL 2518131, at *4 (M.D. Penn. June 19, 2008) (if an attorney writes down facts while interviewing a witness, once the witness signs the document, it becomes the witness's declaration and cannot be claimed as work product of the attorney). For these reasons, the Court concludes that the written statements of McCoy and

Pryzblo are not protected by the work product doctrine, and will order ARTCO to disclose the statements to the United States.

Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that ARTCO shall, no later than Tuesday, April 25, 2017, retrieve the written statements of M/V Julie White crewmembers R.C. McCoy and Roger Pryzblo previously submitted to the Court for *in camera* review, as it appears ARTCO submitted original written statements.

**IT IS FURTHER ORDERED** that ARTCO shall, no later than Tuesday, May 2, 2017, produce R.C. McCoy and Roger Pryzblo's written statements to the United States.

Dated this 20th day of April, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**